UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONNARD NELSON, #260733, )
               Plaintiff, )
) No. 2:19-cv-9
-v- )
) Honorable Paul L. Maloney
SUSAN H. WILSON, *et al.*, )
               Defendants. )
)

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

Plaintiff Nelson, a prisoner in the custody of the Michigan Department of Corrections (MDOC), filed this civil rights complaint. Currently pending are two motions for summary judgment filed by the three defendants remaining in the case. (ECF No. 26 Wilson; ECF No. 28 Covert & Stabile). Defendants argue that Nelson failed to exhaust his administrative remedies.

The Magistrate Judge issued a report recommending the Court grant the two motions. (ECF No. 48.) Nelson filed objections. (ECF No. 49.) Defendant Wilson filed a response to Nelson's objections. (ECF No. 50.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a

de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. Claims against Defendant Stabile

The magistrate judge concludes that Nelson did not exhaust his claim against Defendant Stabile. Nelson did not name Stabile in a grievance and the record does not support the conclusion that the grievance process was unavailable. Nelson objects. The objection is overruled. The magistrate judge reasoned that Nelson could have requested a grievance form from multiple employees during their daily rounds. The magistrate judge identified the evidence in the record which supported that conclusion that Nelson had access to those individuals.

The Court will adopt this portion of the R&R.

B. Claims against Defendant Wilson[1]

The magistrate judge concludes that Nelson's Step III appeal was not timely filed and, therefore, Nelson's claim against Wilson was not exhausted. Nelson objects. The Court will uphold the objection. A genuine issue of material fact exists whether the grievance was timely filed and thus properly exhausted.

A genuine issue of fact exists when the Step II rejection was returned to Nelson.[2] The MDOC form states that the rejection was returned to Nelson on July 5, 2018. (ECF No. 29-

---

[1] Defendants Covert and Stabile filed the relevant documents for Nelson's grievance against Wilson, No. 18-06-1631. (ECF No. 29-9 PageID.213-19.)

[2] The Magistrate Judge concludes that the parties do not contest that Nelson received the Step II response on July 9. (PageID.440.) In her motion, Defendant Wilson does not address when Nelson received the Step II response. Wilson argues only that the Step III appeal was denied as untimely. Wilson did not timely file any objection to the R&R. Wilson's assertion that Nelson received the form on July 5 is first made in the response to Nelson's objection.

9 PageID.214.)  Defendant Wilson has not submitted any affidavit attesting to this fact. Nelson contends he received the Step II rejection on July 9, 2018 (ECF No. 36 PageID.300), and submitted an affidavit attesting to that fact (ECF No. 36-1 PageID.308).  Viewing this evidence in the light most favorable to Nelson, for this motion the Court will use the July 9 date.

The relevant Policy Directive, PD 03.02.130, requires a prisoner to "send a completed Step III grievance, . . . within ten business days after receiving the Step II response[.]"  (ECF No. 29-2 Policy Directive ¶ FF PageID.174.)  The Policy Directive in effect when Nelson filed his grievance does not define "business day."[3]  The Court interprets "business day" to mean Monday through Friday.  *See, e.g, Merlino v. Westwood*, No. 07-11421, 2007 WL 4326803, at *4 n.1 (E.D. Mich. Dec. 10, 2007).  The Court infers that the MDOC interprets the phrase "business day" in the same manner, meaning Monday through Friday.  Nelson's Step III appeal, rejected as untimely, states that the Step III appeal had a "due date of July 20, 2018."  (ECF No. 29-9 PageID.213.)  Using the July 5 date (which is contested), July 20, 2018, is ten business days later.  The Magistrate Judge appears to have calculated the ten-day deadline using Rule 6 of the Federal Rules of Civil Procedure.  Rule 6 applies when the rule, order or statute does not specify a method for computing time.  Fed. R. Civ. P. 6(a).  The Policy Directive does specify a method for computing days, only "business" days are counted.

---

[3]     On March 18, 2019, a revised version of PD 03.02.130 became effective.  In paragraph A, the revised version now defines "business day" as Monday through Friday.

Using the July 9 date, Nelson mailed his Step III grievance within ten business days. If Nelson received his Step II rejection on Monday, July 9, 2018, he had until Monday, July 23 to mail his Step III grievance. Nelson submitted an affidavit attesting that he mailed in his Step III grievance on July 23. (ECF No. 36-1 PageID.308.) Nelson also submitted a Disbursement Authorization Form dated July 23 which indicates he mailed his Step III appeal on that day. (*Id.* PageID.311.)

The Court will reject this portion of the R&R.

C.  Claims against Defendant Covert

The parties dispute whether Nelson properly exhausted his grievance against Covert. The Magistrate Judge agrees with Defendants that Nelson failed to exhaust his claim against Covert. The Magistrate Judge concludes that MDOC properly rejected the grievance for procedural reasons at Step I and Step III. Nelson objects.

First, the law does not require this Court to conclude that Nelson failed to exhaust his administrative remedies simply because MDOC rejected his grievance for procedural reasons at one step in the process. Binding circuit authority does not address the factual situation here. In *Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010), the Sixth Circuit held that Reed-Bey had properly exhausted his claim even though he did not name one of the defendants included in the lawsuit. The circuit reasoned that Reed-Bey "received merits-based responses at each step." *Id.* MDOC's response was *sufficient* for the exhaustion requirement. The court did not consider, because it did not have to, whether some other factual scenario would also satisfy the exhaustion requirement. In *Cook v. Caruso*, 531 F. App'x 554, 563 (6th Cir. 2013), the circuit considered the opposite factual

scenario, "Cook did not receive merits-based responses to his second grievance at any step in the grievance process." In dicta, the *Cook* panel then transposed the legal conclusion (exhaustion) with the factual finding (merit response at each step). The *Cook* panel wrote "[f]or *Reed-Bey's* holding to apply, Cook would have had to receive 'merits-based responses *at each step*." *Id.* at 563 (italics added in *Cook*). *Cook* thus described the sufficiency finding based on facts in *Reed-Bey* as a legal *necessity*. *Reed-Bey* and *Cook* represent the two possible extremes. Despite the strong suggestion in *Cook*, the Sixth Circuit has not indicated whether prisoners exhaust claims when they receive some rejections on the merits and some rejections on procedural grounds.

Nelson's factual situation falls somewhere between *Reed-Bey* and *Cook*. MDOC rejected Nelson's 18-06-1723 grievance for a different reason at each of the Steps. The first page of the grievance is not legible but the second page is.[4] At Step I, MDOC rejected the grievance "for the reason that you are in violation of PD 03.02.130." (ECF No. 29-8 PageID.209.) No specific paragraph in the Policy Directive is mentioned.[5] Although the text on the first page is barely readable, in his Step II appeal Nelson appears to clarify that he asserts a claim for retaliation.[6] (*Id.* PageID.206.) At Step II, MDOC notes that the grievance contains multiple issues and then addresses Nelson's retaliation claim (loss of

---

[4] The first page of the grievance is PageID.208 and the second page appears to be PageID.210.
[5] In their motion, Defendants contend the grievance was rejected at Step I because the issue was raised in a prior grievance. (ECF No. 29 PageID.160.) The Step I rejection speaks for itself. Defendants have not identified any other grievance that raised a retaliation claim against Covert. Nelson did file a grievance against Officer Riggs for Rigg's alleged retaliation for Nelson's grievance against Covert. In their response, Defendants contend that the grievance against Covert was rejected at Step I and Step III "because it violated PD 03.02.130 in multiple ways." (ECF No. 39 PageID.354.) Again, the rejections speak for themselves.
[6] The Court assumes PageID.211 is the second page of Nelson's Step II appeal.

crutches) on the merits of the medical decision. (*Id.* PageID.207.). In his Step III appeal, Nelson "reiterates his first and second step grievance against Nurse Covert and charges him with retaliation[.]" (*Id.* PageID.206.) At Step III, MDOC denied Nelson's grievance because multiple issues were raised. (*Id.* PageID.205.)

Second, viewing the record in the light most favorable to Nelson, he made a sufficient effort under the circumstances to comply with the Policy Directive. Exhaustion requires the prisoner to make an effort to comply with the procedures at the institution. *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). Courts must determine whether the prisoner's efforts to exhaust were sufficient under the circumstances. *Id.* (quoting *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting *Napier v. Laurel Cty., Kentucky*, 636 F.3d 218, 224 (6th Cir. 2011))). The Policy Directive permits MDOC to reject a grievance it "is vague, illegible, contains multiple unrelated issues, or raises issues that are duplicative of those raised in another grievance filed by the grievant." (PD ¶ G.1. PageID.170.) Assuming for the sake or argument only that the initial grievance could be interpreted as raising multiple issues, Nelson clarified at both his Step II and Step III appeals that the only issue he was trying to raise was a retaliation claim against Covert. And, at Step II MDOC opted to address that claim and not any other claims.

Third, under the modified review outlined in the R&R (R&R at 16-17 PageID.442-43), the Court finds a genuine issue of material fact whether the MDOC's rejection of Nelson's grievance against Covert was properly based on procedural grounds. The Step I response failed to apprise Nelson of any specific problem with his grievance. The Step II response addressed the merits of the medical reason for taking away Nelson's crutches, one

of the allegedly retaliatory acts. Then, MDOC relied on the wrong standard at Step III, it rejected the grievance for raising multiple issues. The Policy Directive limits MDOC's ability to reject a grievance for raising multiple issues. When the prisoner raises multiple issues, MDOC may reject the grievance only when the issues are "unrelated." Conducting a modified review, the two possible instances of retaliation are related. Nelson alleges he filed a grievance against Covert who then (1) took away his crutches in retaliation in retaliation and (2) attempted to interview and then to threaten Nelson because of the grievance. To the extent the grievance contains multiple examples of retaliation, it cannot fairly be said that those examples are unrelated.[7]

The Court will reject the Magistrate Judge's recommendation that Nelson failed to exhaust his claims against Covert.

For these reasons, the Report and Recommendation (ECF No. 48) is **ADOPTED IN PART and REJECTED IN PART.** The Court **DENIES** Wilson's motion for summary judgment. (ECF No. 26). The Court **GRANTS IN PART and DENIES IN PART** Defendant Stabile's and Defendant Covert's motion for summary judgment. (ECF No. 29.) Nelson's claims against Defendant Stabile are dismissed without prejudice as he failed to exhaust those claims. **IT IS SO ORDERED.**

Date:  August 31, 2020                                          /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge

---

[7]  It is not clear that the Court should review the grievance itself under this modified standard of review of administrative decisionmaking. The Court emphasizes that MDOC never asserted, in the administrative process or in the submissions in this lawsuit, that the multiple issues were unrelated.