UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONNARD NELSON, #260733,   )
          Plaintiff,   )
             )   No. 2:19-cv-9
             )
             )   Honorable Paul L. Maloney
SUSAN H. WILSON, *et al.*,   )
          Defendants.   )
             )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Jonnard Wilson, a prisoner under the control of the Michigan Department of Correction (MDOC,) filed this lawsuit alleging violations of his constitutional rights. For the remaining claims, Plaintiff alleges an Eighth Amendment claim based on the treatment he received (bunk assignment) following surgery and subsequent infection. Plaintiff later injured his ankle getting off of a top bunk. Plaintiff alleges an Eighth Amendment claim and a retaliation claim both arising from the treatment of his ankle injury.

Defendants each filed a motion for summary judgment. (ECF Nos. 68 and 70.) The Magistrate Judge issued a report recommending the Court grant the two motions. (ECF No. 110.) Plaintiff filed objections. (ECF No. 114.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a

de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff advances 32 objections. Plaintiff does not object to the portions of the Report and Recommendation setting forth the law relevant to Plaintiff's claims. Plaintiff does object to some of the factual conclusion in the Report and Recommendation. He also objects to application of the facts to the law. Most of Plaintiff's objections, if upheld, would not alter the Magistrate Judge's ultimate recommendation. And, a number of Plaintiff's objections address facts where the Magistrate Judge found in Plaintiff's favor.

<u>Eighth Amendment - Objections 1 through 23 - Defendant Wilson</u>

For Plaintiff's Eighth Amendment claims, the Court agrees with the Magistrate Judge *Napier* and *Blackmore* guide the analysis. (R&R at 9 PageID.1197.) Plaintiff does not object to this conclusion. The Court also agrees with the Magistrate Judge that Plaintiff has not established the subjective component for his Eighth Amendment claim against either defendant. (*Id.* at 9-10 PageID.1197-98.)

Even if Plaintiff is correct that Wilson should have extended his bottom bunk detail for an additional four weeks, Plaintiff has not presented any evidence from which this Court can infer that Wilson did not extend the detail with the intent to cause harm or that Wilson was aware of the harm and intentionally disregarded it. Nor has Plaintiff established that Wilson's failure to extend the bunk detail was so grossly incompetent as to shock the conscience. At best, Plaintiff has established a case of negligence but not an Eighth Amendment claim. None of Plaintiff's objections address this problem. The Court turns to

Plaintiff's objections concerning his Eighth Amendment claim against Wilson with this framework in mind.

Objections 1-8. On pages 2 and 3, the Magistrate Judge provides overview to Plaintiff's claims and to the evidence in the record. Plaintiff's first 8 objections address words and statements in the introduction. These objections are overruled. Correcting the introduction would not make any difference to the Court's decision to adopt or reject the R&R or the Court's decision to grant or deny the summary judgment motions.

Objection 9. On page 4, the Magistrate Judge summarized statements in Plaintiff's verified complaint, including that he was given a bottom bunk until February 28, 2018. (PageID.1192.) Plaintiff objects. Plaintiff insists that the bottom bunk assignment did not have an end date. The Court overrules the objection. Plaintiff cannot create a genuine issue of material fact by contradicting the statements in his own verified complaint. (Comp. ECF No. 1 ¶ 19 PageID.4 "Also the Medical Detail listed Hosing [sic] Bottom Bunk, Start Date: 12-23-17, Stop Date; 01-15-2018; Housing; Bottom Bunk: Start Date: 12-26-18, Stop Date: 02-28-2018, (Notice the change in my Bottom Bunk details); . . . ."). Correcting the alleged error would not establish the subjective component for an Eighth Amendment claim.

Objection 10. The Magistrate Judge states that Plaintiff's wound became infected on January 14. Plaintiff objects, insisting that the wound became infected on January 5. The date of the infection does not make a difference to the outcome. Therefore, the Court overrules the objection. The Court notes the complaint pleads that the results of the culture test came back on January 14 so the infection likely occurred before that date.

Objection 11. The Magistrate Judge wrote "On March 7, 2018, Nelson says that he discovered a growth on his stomach that he believed was caused by jumping to and from his bunk." (PageID.1192.) Plaintiff objects. The Court overrules the objection. The Magistrate Judge's statement was lifted, almost word for word, from paragraph 24 of Plaintiff's complaint. (Compl. ¶ 24 PageID.5 "On or around March 7, 2018 Plaintiff discovered a growth on his stomach which apparently fro [sic] jump up and down from the top bunk."). Again, correcting any error here would not establish the subjective component for an Eighth Amendment claim.

Objections 12 and 13. On pages 7 and 8, the Magistrate Judge summarizes Plaintiff's theory for his cause of action against Defendant Wilson, his Eighth Amendment claim. Plaintiff objects and then provides his own summary of his cause of action. The Court overrules both objections. The Magistrate Judge's summary and Plaintiff's summary are functionally equivalent. Granting this objection would not alter the outcome.

Objection 14. The Magistrate Judge wrote that, on December 27, Plaintiff did not come to health care for his dressing change. (PageID.1201.) Plaintiff objects. Plaintiff explains that he was not called out and given permission to go to health care. He did not voluntarily fail to show up. The Court overrules Plaintiff's objection. Why Plaintiff did not have his wound dressing changed on December 27 would not be relevant to the subjective component for his Eighth Amendment claim.

Objection 15. The Magistrate Judge summarizes portions of Plaintiff's medical records, including a record of a health care visit on January 22, 2018, in which Plaintiff allegedly told the medical staff that Plaintiff had removed the wound dressing the day before.

Plaintiff objects. Plaintiff contends no such conversation occurred. The Court overrules the objection. The Magistrate Judge accurately described the contents of the medical record. (*See* ECF No. 68-2 PageID.616.) More important, this medical record establishes that by January 22, Plaintiff no longer needed bandages for the surgical incision.

Objection 16. The Magistrate Judge noted that there were no medical records for Plaintiff between January 22 and April 4, 2018. The Magistrate Judge concludes that Plaintiff did not seek medical care during that time. Plaintiff objects. Plaintiff points to a Health Care Request he filed on March 14, 2018, in which he complains about (1) being moved, (2) the end of his bottom bunk detail, and (3) Defendant Wilson's refusal to extent the detail. He also complains about abdominal pain. (ECF No. 114-15.) The Court agrees with Plaintiff that this document establishes a dispute of fact that he sought health care on March 14. Nevertheless, the Court overrules the objection because the error does not make a difference to the outcome.

Objection 17. On page 16 of the R&R, the Magistrate Judge summarizes Defendant Wilson's argument in the motion for summary judgment. Plaintiff objects and explains, again, his theory of his cause of action against Defendant Wilson. The Court overrules the objection. The Magistrate Judge accurately describes Wilson's argument. On pages 17 through 19, the Magistrate Judge identifies the evidence in the record that establishes a lack of a genuine issue of material fact that supports Wilson's argument. To the extent Plaintiff disagrees, he disagrees about the course of treatment he received (bunk detail). As explained in the R&R and above, Plaintiff's dispute about the proper course of treatment states a claim for negligence and not an Eighth Amendment claim.

Objection 18. The Magistrate Judge explains why Wilson could not authorize a bottom bunk detail under the MDOC Medical Service Advisory Committee Guidelines. Plaintiff objects. Plaintiff insists that he explained his situation and his pain to Wilson. The Court overrules the objection. Plaintiff has not cited any evidence in the record to show that he met with Wilson any time between the end of January and the time he was transferred. The Court is unaware of any medical records showing contact between Wilson and Plaintiff during this time.

Objection 19. The Magistrate Judge concludes that Wilson had no medical reason to extend the bottom bunk detail. Plaintiff objects. Plaintiff explains his theory again. The Court overrules the objection. Here (and other places), Plaintiff relies on two exhibits, documents he apparently found on the internet (ECF Nos. 114-4 and 114-5). The Magistrate Judge explained in the R&R why these sort of exhibits do not provide necessary support to create a genuine issue of material fact. (R&R at 18 PageID.1206.) The internet documents are not objective medical evidence that would establish Plaintiff's medical condition because the documents are not about Plaintiff (not his medical records).

Objection 20. The Magistrate Judge found that Defendant Wilson was not involved in transferring Plaintiff to a different housing unit, which is the event that caused Plaintiff to lose the bottom bunk. Plaintiff objects. The Court overrules this objection. On this point, Plaintiff offers only speculation. Plaintiff has not established that Wilson knew that the failure to extend Plaintiff's bottom bunk assignment would lead to a housing transfer.

Objections 21-22. The Magistrate Judge explains why Plaintiff's internet research does not constitute medical evidence. Plaintiff objects. Plaintiff insists his internet research

should be sufficient to establish a genuine issue of material fact. The Court overrules the objections. Overlooking admissibility concerns, the evidence at best identifies a course of treatment and does not establish Wilson's subjective reasons for not extending the bottom bunk assignment. Again, this evidence might establish negligence, but it does not create a genuine issue of material fact about the subjective component for an Eighth Amendment claim.

Objection 23. The Magistrate Judge concludes Plaintiff had recovered from surgery by the time the bottom bunk detail expired. Plaintiff objects. The Court overrules the objection. Correcting the alleged error would establish a genuine issue of material fact only for the objective component, not the subjective component for an Eighth Amendment claim.

Eighth Amendment - Objections 24 through 27 - Defendant Covert

The Magistrate Judge found a genuine issue of material fact whether the ankle sprain was a serious medical condition. The Magistrate Judge recommends summary judgment on the Eighth Amendment claim against Covert because Plaintiff did not put forth any evidence to create a question of fact that Covert acted with deliberate indifference. The Court agrees.

Objections 24-26. The Magistrate Judge summarized Covert's argument about the serious medical condition. Plaintiff objects. The Court overrules Plaintiff's objections. The Magistrate Judge ultimately disagreed with Covert on these points and found that Plaintiff had put forth sufficient evidence to create a dispute of fact.

Objections 27-28. The Magistrate Judge concluded that Plaintiff failed to show that Covert acted with deliberate indifference. Plaintiff objects. The Court overrules the

objections. The Magistrate Judge explains why that evidence is insufficient to show Covert's state of mind. Plaintiff again simply disagrees with the course of treatment provided to him. He wants the Court to infer from his evidence that a different course of treatment should have been provided. Plaintiff then wants the Court to infer again that by not providing the other course of treatment that Covert had a culpable state of mind, the subjective component for an Eighth Amendment claim. Plaintiff's evidence (assuming it would be admissible) addresses the first concern (course of treatment) but does not speak to the latter concern (Covert's state of mind). Plaintiff's evidence does not permit the Court to make inferences about Covert's motivations for the decisions concerning Plaintiff's medical treatment.

### Retaliation - Objections 29 through 32 - Defendant Covert

The Magistrate Judge outlines the law for a retaliation claim on pages 22 and 23 of the R&R. Plaintiff does not object to this portion of the R&R. The Magistrate Judge finds a question of fact about when Covert learned about the grievance. The Magistrate Judge recommends summary judgment on the retaliation claim because ending ice treatment and crutch detail were not adverse actions. The Magistrate Judge reasons that Plaintiff's sprain was not severe and had sufficiently healed when those actions occurred.

Objections 29-30. In the two objections, Plaintiff functionally objects to the entirety of the portion of the R&R addressing the retaliation claim. The Court overrules Plaintiff's objections. The Court agrees with the Magistrate Judge (and Plaintiff) that the record does not clearly establish when Covert learned about the grievance. Plaintiff's disagreement with Covert (and with the Magistrate Judge) is whether Plaintiff's ankle was sufficiently healed

when the ice treatment and crutches were taken away, But, even if Plaintiff's evidence creates a genuine issue of material fact on the condition of his ankle, that evidence does not permit any inference about Covert's motivation for his decisions. Plaintiff has not put forth any evidence for the causation factor for his retaliation claim. While the time between the filing of the grievance and the allegedly retaliatory action might be sufficient to show causation at the pleading stage, at the summary judgment stage the plaintiff must put forth some evidence to show that the grievance was "a substantial or motivating factor." *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). Here, Covert alleges he would have taken away the crutches even if Plaintiff had not filed a grievance. (ECF No. 71-1 Covert Aff.) Plaintiff's disagreement with Covert's medical opinion does not establish that Covert's action was retaliatory.

Objection 31. The Magistrate Judge explains why Plaintiff cannot obtain damages from these defendants for any claim against them in their official capacity. Plaintiff objects. The Court overrules the objection. The Magistrate Judge correctly explains the law.

Objection 32. The Magistrate Judge explains why Covert would be entitled to qualified immunity assuming that Plaintiff could establish a constitutional violation. Plaintiff objects, insisting that he did establish a constitutional violation. The Court overrules the objection. Because the Court concludes that Covert did not violate Plaintiff's constitutional rights, qualified immunity become moot. *See Adams v. City of Auburn Hills*, 336 F.3d 515,

520 (6th Cir. 2003); *Ahlers v. Schebil*, 188 F.3d 365, 374 (6th Cir. 1999; *Mays v. City of Dayton*, 134 F.3d 809, 815 (6th Cir. 1998).

For these reasons, the Court **ADOPTS** as its Opinion the Report and Recommendation. (ECF No. 110.) The Court **GRANTS** Defendants' motions for summary judgment. (ECF Nos. 68 and 70.) **IT IS SO ORDERED.**

Date:   February 14, 2022                            /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge